No. 41.—MOSES STROUP, plaintiff in error *vs.* THOMAS A. SULLIVAN and GEORGE S. BLACK, defendants in error.

[1.] A Court in equity will not grant relief against a judgment at law, on the ground of its being unconscientious, unless the defendant in the judgment was entirely ignorant of his defence pending the suit, or unless without any default or neglect on his part, he was prevented by fraud, or accident, or the act of the opposite party, from availing himself of his defence, or by some *unavoidable* necessity.

[2.] Whenever a suit is instituted against a party, it is his duty promptly to make his defence, if he has any, at the proper time, and in the proper manner; the laws do not favour the negligent and sleepy.

In Equity.   From Cass Superior Court.   Motion to dissolve injunction, the answer having come in.   Tried before Judge WRIGHT, at Chambers, January 7th, 1847.

In this case his Honour Judge Wright, on the 18th day of December, 1846, upon application of the defendants, and in conformity with the rules in equity as established in this State by the Judges of the Superior Courts in convention, granted a rule *nisi*, calling upon the plaintiff in error, who was the complainant in the bill, to show cause at the court-house in Cassville, on the 30th day

of the then instant, why the injunction originally sanctioned in said cause should not be dissolved on the grounds—

First. Because the answer of the defendants denying all the equity in the bill, had been filed.

Second. Because there was no sufficient equity in the bill to authorise the Court to make any decree against the defendants.

By a subsequent order the hearing of the rule was postponed to the 7th day of January, 1847.

The parties having appeared, the motion to dissolve was heard before his Honour the Judge below, at Chambers, at the time specified in the last order.

The complainant alleged in his bill, that the defendants in error, as partners under the name and style of Sullivan and Black, on the 19th of August, 1843, obtained a judgment against one James Kirkpatrick in the Superior Court aforesaid for $255,57 principal besides costs, with interest from date of the judgment; that a *fi. fa.* was issued therefrom, and returned *nulla bona;* that afterwards, on the 20th July, 1844, they caused summons of garnishment to be sued out and served on the complainant, requiring him to appear at the then next August term of said Superior Court, and there to depose, &c. as required by the garnishment laws of force in this State; that the complainant appeared in obedience to said summons, and deposed on oath, that he was not at the time of answering, nor at the time of the service of garnishment, directly indebted to the said Kirkpatrick; that sometime previous to the summons of garnishment having been served on him, he gave his promissory note due 1st of January, 1845, or about that time, to one John Kennedy for $1,000, which was afterwards in the hands of said Kirkpatrick, but whether or not it was then in his hands, he, the complainant, could not say — and he deposed further that he had no money, effects, or other property in his hands belonging to the said Kirkpatrick.

The bill further alleged, that it was not then in the complainant's power to answer more directly to the said summons of garnishment, and that it was impossible for him to state that he was or was not indebted to the said Kirkpatrick.

The bill further alleged, that the defendants did not further prosecute their summons of garnishment against the complainant, either at that term of the Court, or at the succeeding term thereof; and he was therefore led to believe that his answer was sufficient in law to exempt him from liability as such garnishee, and that no

judgment could be rendered against him as such; and that their proceeding against him had been abandoned.

The bill further alleged, that the complainant, labouring under the aforesaid belief, induced by the conduct of the defendants, and which conduct, he charged, was practised by the defendants for the purpose of entrapping him, afterwards came to a settlement with said Kirkpatrick and the said Kennedy, to whom the note was made payable, and upon account of the said note, he paid upon judgments against Kirkpatrick of older date than the judgment obtained by the defendants, the sum of $751 53, except one for $156 93, which was of equal date therewith; and that labouring under the belief as aforesaid, that the defendants had abandoned their proceedings against him, he paid the balance due on said note over to Kirkpatrick.

The bill further alleged, that, notwithstanding the foregoing premises, the defendants afterwards, at the August Term, 1845, of the Superior Court aforesaid, moved to enter up and sign judgment upon said proceedings in garnishment against him, which was allowed; and judgment was accordingly rendered against him as such garnishee for the sum of $1,000 principal, besides interest and costs, when they were only entitled to recover from Kirkpatrick the amount of their judgment against him of $255 57 principal, $40 90 interest, with costs.

An execution was issued against the complainant from said judgment for the full amount thereof, and the same was proceeding against him.   The bill concluded with a prayer for injunction, relief, &c.

The injunction was sanctioned, and, with the bill, was served upon the defendants.

. The answer of the defendants denied that it was not in the power of the complainant, when he filed his answer as garnishee, to have answered more directly to said summons of garnishment; denied, also, that it was impossible for him, at that time, to state that he was or was not indebted to Kirkpatrick, the defendants alleging as their belief that complainant knew, at the time of answering the summons of garnishment, that he was indebted to Kirkpatrick the money due on the note mentioned therein; and that his answer was made out thus evasively for the purpose of preventing the defendants from collecting their money, &c.

The answer positively denied all fraud charged in complainant's bill, and explained the causes of delay in the entering up judgment against the complainant as garnishee.

[The foregoing facts, except as to the motion to dissolve, transpired before the organization of the Supreme Court.]

The bill and answer having been read, and argument had thereon, the Court below adjudged that the injunction be dissolved, and the execution ordered to proceed, on the ground that the bill contained no sufficient equity to authorize any decree against the defendants, and that, if there was equity in the bill, it had been sworn off by the answer of the defendants.

To which the counsel for the complainant excepted, and assign the decision for error.

Trippe & Patton, for plaintiff in error.

Akin, for defendants in error.

*By the Court*—Warner, J. delivering the opinion.

From the record in this cause, it appears that a summons of garnishment was sued out at the instance of Sullivan & Black, who were judgment creditors of James Kirkpatrick, returnable to the August Term of Cass Superior Court, in the year 1844, and was duly served on Moses Stroup the plaintiff in error, requiring him to depose and answer what he was indebted to said Kirkpatrick, according to the provisions of the statute in such cases made and provided. In the answer of Stroup the plaintiff in error, he stated he was not directly indebted to Kirkpatrick at the time of the service of the summons of garnishment, that some time previous thereto, he gave his note to one John Kennedy for $1,000, due first January, 1845, which was afterwards in the hands of Kirkpatrick: but whether it was then in his hands he could not say, and that he had no other property, money, or effects in his hands belonging to said Kirkpatrick. There was no motion made to enter up judgment against the garnishee at the term to which it was made returnable, nor at the succeeding term of the court thereafter, but the case was continued in the court until August Term, 1845, when the attorney for the plaintiffs in garnishment, moved the Court to enter up judgment against the garnishee for the amount of the note stated in his answer, which was allowed by the Court, and judgment was accordingly entered against him for the sum of $1,000 with interest and costs, and execution issued thereon for the same.

The plaintiff in error then filed his bill, to enjoin the execution from collecting the amount of the judgment, which was sanctioned by the Chancellor.

The defendants in error filed their answers, and made a motion to dissolve the injunction on two grounds. First. Because there was not sufficient equity in the bill to authorise a court of equity to make any decree against the defendants.

Second. Because the answers of the defendants denying all the equity in the bill had been filed.

Upon hearing the motion at Chambers, the Chancellor dissolved the injunction upon the grounds stated in the motion, to which decision the counsel for plaintiff in error excepted, and now assign the same for error in this Court.

Sullivan & Black have obtained their judgment in the common law court against the plaintiff in error, which they are now seeking to enforce. It is not denied the common law court which awarded the judgment, had jurisdiction of the subject matter, and the person of the garnishee against whom the same was rendered, but it is contended that that court ought not to have awarded the judgment on the answer of the garnishee. Whatever may be our opinion as to that question, the answer is, it was a judgment rendered by a court of competent jurisdiction, not excepted to at the time by the party who now complains of it; consequently it fixed his liability to pay it, unless he can show he had a good defence of which he was entirely ignorant while the summons of garnishment was pending against him, or unless he was prevented from availing himself of his defence, by fraud, or accident, or the act of the adverse party, *unmixed with negligence, or fault on his part;* he must show some *unavoidable necessity*, to entitle him to relief in a court of equity, against the legal effect of the judgment. 1 *Story's Equity*, 178, secs. 894, 895; *Foster* vs. *Wood*, 6 *John. Ch. R.* 87; *Dodge* vs. *Strong*, 2 *John. Ch. R.* 228; *Marine Insurance Company of Alexandria* vs. *Hodgson*, 7 *Cranch R.* 332 ; *Bostwick* vs. *Perkins et al.* 1 *Kelly's R.* 136; *Maxwell* vs. *Connor*, 1 *Hill's Chan. R.* 22.

In the case of the *Marine Insurance Company of Alexandria* vs. *Hodgson*, Chief Justice Marshall, delivering the opinion of the Court, says: " It may be laid down as a general rule, that a defence cannot be set up in equity which has been fully and fairly tried at law, although it may be the opinion of that court that the defence ought to have been sustained at law." In the case of *Bostwick* vs. *Perkins*, we adopted the principles stated by the court.

in *Maxwell* vs. *Connor,* and now re-affirm them. " If a defendant has been before a *competent* tribunal which has proceeded to *judgment,* that decision, *until reversed,* is conclusive upon him, in every tribunal having concurrent or other jurisdiction. It is conclusive upon him as to any matter of defence, not only presented, *but which could have been presented by him,* and it is conclusive upon him, although the judgment be erroneous, if he acquiesced in it, and does not proceed to reverse it.

" It is conclusive upon him, because, whenever a party is brought into court, *he is bound to full diligence,* which, if he uses, he will obtain his rights. If he neglects either in putting in proper pleas, or introducing all his evidence to support them, he has no one to blame but himself, *nor will his neglect in one court be allowed to give him a right, either in that court or another.*"

The plaintiff in error charges, that because the defendants did not prosecute their garnishment suit to judgment at the first term after it was made returnable, nor at the next succeeding term, he was led to believe that his answer was sufficient in law to exempt him from liability as such garnishee, and that no judgment could be rendered against him, and that they had abandoned their proceeding against him.

The suit, however, was *still pending against him in the proper court,* and it was his privilege to have had the same dismissed, unless the plaintiffs in garnishment had made a legal showing for continuance of the same. No act of the defendants in the bill is charged, which induced the plaintiff in error to believe they had abandoned their garnishment suit, except that the same was not tried for two successive terms of the court after it was made returnable. But the suit was still pending in court, which, in our judgment, was sufficient evidence to the defendant in that suit, that the plaintiffs in garnishment had not abandoned it, and if he thought proper, of his own *voluntary will,* to consider the suit abandoned, while the same was pending in the proper court against him, and make a settlement with Kirkpatrick, certainly it was not the fault of the plaintiffs in garnishment.

The plaintiff in error took the responsibility upon himself to make the settlement with Kirkpatrick, *with a full knowledge that the garnishment suit was pending against him in the proper court,* without waiting to see what would be the judgment of the court thereon, and must now abide the consequences of his own voluntary act; he has no one to blame but himself; it was the legal right of the

Stroup *vs.* Sullivan and Black.

plaintiffs in garnishment to continue their suit in the court in which it was pending, according to the rules and practice of that court; and their having done so, without objection from the defendant thereon, so far as the record shows, does not, in our judgment, raise the slightest presumption of fraud on their part.

It was, however, urged by the counsel for the plaintiff in error, that the payments made were in satisfaction of judgments of older date than that of the plaintiffs in garnishment, and therefore the plaintiff in error was entitled to be protected to that extent.

If the defendant in garnishment made payments in satisfaction of judgments of older date than the one upon which the summons of garnishment was predicated, it might have been a good defence for him why judgment should not have been rendered against him in the common law courts, to the extent of such payments; for it will be recollected these payments are alleged to have been made *before the rendition of the judgment*, and no excuse is offered why such payments were not shown at the trial when the judgment was rendered, except the one we have already noticed, as to the continuance of the suit in the court in which it was pending. If the payment of judgments of older date *voluntarily* by the garnishee, would constitute a good defence, after service of the summons of garnishment upon him, then it was incumbent on the defendant in the garnishment suit to have proved such payments on the trial, by way of defence; failing to do so, a court of equity cannot relieve him, according to the principles before stated. Besides, the plaintiffs in the garnishment suit have obtained their judgment against the defendant therein in a court of competent jurisdiction, which judgment is now sought to be set aside in a court of equity.

Whenever a suit is instituted against a party, it is his duty [2.] promptly to defend it, if he has any defence to make, at the proper time and in the proper manner; and if he fails to do so, and judgment is rendered against him in consequence of his negligence, a court of equity has no power to relieve him, although it might be. of the opinion that the original judgment was erroneous. It is the policy of the law, and the duty of courts, to avoid a multiplicity of suits in relation to the same subject matter; and if the judgment in this case shall operate as a hardship upon the plaintiff in error, he must attribute it to his own fault and negligence. We are all of the opinion that there was no error in the judgment of the Court below in dissolving the injunction on the grounds therein stated, and that the same should be affirmed.