### 8681.   SMITH v. JACKSONVILLE OIL MILL COMPANY.

1. The declaration contained the usual endorsements on its cover. The plaintiff sought to treat them as a part of the pleading. The defendant contended that they were not even a part of the official record. Held, that both parties were wrong.

(a) Pleadings are the written allegations of what is affirmed on the one side, or denied on the other; disclosing to the court or the jury trying the cause the matter in dispute between the parties. 6 Words and Phrases, 5410.

(b) The record in the trial court embraces not only all pleading legally of file in the case, but also all the official entries thereon or in connection therewith, bearing in any way upon the issues decided or to be determined. White v. Newton Mfg. Co., 38 Ga. 587 (3).

(c) The endorsements on the cover of the declaration in this case consisted of the docket number of the attachment case, the term of the court to which the attachment was returnable, the name of the court, the names of the parties, the words "Declaration in attachment," and the name of the plaintiff's attorney, together with the clerk's entry of filing. Presumptively these endorsements were placed there by the clerk, or by his authority, at the direction of the plaintiff or her attorney. Under the foregoing definitions such endorsements can not be treated as a part of the plaintiff's pleading; but they should be treated

as a part of the record, and may be resorted to as such whenever any part of that portion of the record becomes pertinent to the issue between the parties. The fact that the attorney who drew the declaration may have prepared the form for the cover does not affect the application of the principle involved.

2. A declaration in attachment may be filed either at or before the first term of the court to which the attachment is returnable. The word "at," as used in the Civil Code (1910), § 5102, is equivalent to the words "not later than."

3. A declaration in attachment, like any other petition, must show the jurisdiction of the court. If the plaintiff seeks a judgment in rem, the declaration must also show upon what property or fund the judgment is to operate. *Mehring* v. *Charles*, 58 *Ga.* 378; *Kolb* v. *Cheney*, 63 *Ga.* 688; *Wilson* v. *Stricker*, 66 *Ga.* 575 (2).

4. A plaintiff in attachment has the right to amend his declaration as in other cases at common law; and a defective prayer or a failure to show the jurisdiction of the court are amendable defects. Civil Code (1910), §§ 5110, 5691; *Kolb* v. *Cheney*, supra; *Guckenheimer* v. *Day*, 74 *Ga.* 1 (2b).

5. The declaration in this case contained enough to amend by, especially when considered in connection with the entire record, and the court erred in disallowing the plaintiff's proffered amendment and in dismissing the case.

DECIDED JANUARY 29, 1918.

Attachment; from Bartow superior court—Judge Tarver. January 25, 1917.

*A. H. Davis, Paul F. Akin,* for plaintiff.

*Watt H. Milner,* for defendant.

LUKE, J. Mrs. Martilla Smith sued out an attachment against the Jacksonville Oil Mill Company, on the ground that the defendant is a non-resident of this State. It is averred in the affidavit for attachment that the defendant is indebted to the plaintiff "in the sum of five hundred dollars, on a claim for damages for the homicide of her husband." The attachment was sued out on October 10, 1910, and was returnable to the January, 1911, term of Bartow superior court. On October 13, 1910, it was duly levied, returned, and docketed; and the clerk's entry thereon was made to show the docket number of the case, along with the other matter mentioned in the first of the foregoing headnotes. On the next day the plaintiff filed a petition against the defendant, to recover $500 for the homicide of her husband, alleging therein that the defendant is a non-resident of this State. Her petition is entitled in the attachment cause by a statement of the case at the beginning thereof, wherein the petition is designated by her as her "declaration

in attachment." It contains no other reference to the attachment, and concludes with the usual prayer for process and without any other prayer, and no process is annexed thereto. On the cover of this petition the clerk placed the same docket number as upon the attachment, labeled it "Declaration in attachment," and placed it with the other papers in the attachment case. The defendant, appearing specially and under protest, moved to dismiss the "attachment proceedings," because "no declaration in attachment was filed at the first term of the court after the levy of said attachment." To meet this motion the plaintiff offered an amendment to her declaration, wherein she fully and specifically set forth the levy of the attachment and added a prayer that the attached property be sold to satisfy such judgment as she might obtain. The plaintiff also offered to show by parol that the clerk's acts respecting the declaration were in accordance with the direction of the plaintiff's attorney. The court refused to hear the evidence, disallowed the proffered amendment, and sustained the motion to dismiss the entire proceeding. Each of these rulings is assigned as error.

The headnotes fully cover the case and need no elaboration.

*Judgment reversed. Wade, C. J., and Jenkins, J., concur.*