## LONG *v.* LONG.

1. On application for temporary alimony the merits of the cause are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether.
2. There is no merit in the complaint of the defendant of the disposition made of the infant child of the libellant and libellee.

No. 513. APRIL 11, 1918.

Temporary alimony, etc. Before Judge Hodges. Oglethorpe superior court. July 2, 1917.

Fred Long filed a libel for divorce against his wife, Millie Long, based upon the charge of the commission of the offense of adultery by the wife. The prayers were, for a total divorce, and for the custody of the child of the marriage. The wife filed an answer and cross-petition, denying the allegation that she had been guilty of adultery and other misconduct, and praying that she be awarded

the custody of the child and be allowed temporary and permanent alimony and attorney's fees. The petition for temporary alimony and attorney's fees came on for a hearing on June 23, 1917, when, after hearing evidence, the court refused the temporary alimony and attorney's fees, but allowed the wife to retain custody of the child until the first day of the September term, 1917, of the superior court, and ordered the plaintiff to pay to the ordinary of the county the sum of $10 per month for the support of the child up to the named date in September. The defendant excepted to each of these rulings.

*Phil. W. Davis Jr.,* for plaintiff in error.

*Paul Brown,* contra.

BECK, P. J. (After stating the foregoing facts.) While there may be no provision for ordering an allowance for a minor child, in a proceeding like this, to be paid over to the ordinary, we do not think that under the circumstances of the case this is any ground for setting aside the judgment of the court below. This was only a temporary arrangement to continue a few months at most; and it does not appear that there was any guardian of the child. Considering all the circumstances, we infer that there was none. Had the husband, who was required to pay the amount over to the ordinary, resisted, a different question would have been raised.

As to the exception to so much of the judgment as denies alimony and attorney's fees for the wife, it was authorized by the evidence. "On application for temporary alimony the merits of the cause are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." Civil Code, § 2979. In the case of *Williams* v. *Williams,* 114 *Ga.* 772 (40 S. E. 782), it was said by this court: "When the judge, upon the hearing of an application for temporary alimony, hears evidence as to the cause and circumstances of the separation of the husband and wife, and the cause of separation alleged in the wife's petition is not supported by any evidence, but is, on the contrary, shown by the evidence submitted in behalf of the husband to be untrue, and such evidence shows that the sole cause of the separation was the infidelity of the wife, uncondoned by the husband, the wife, under such circum-

stances, is not legally entitled to an allowance as temporary alimony; she alone being responsible for the separation, the court should not compel the husband to support her pending the divorce suit, and thus enable her to become the beneficiary of her own gross misconduct." See also *Vinson* v. *Vinson,* 94 *Ga.* 492 (19 S. E. 898); *Pearson* v. *Pearson,* 125 *Ga.* 132 (54 S. E. 194); *Smith* v. *Smith,* 125 *Ga.* 384 (53 S. E. 958).

The evidence touching the character of the defendant was such as to authorize the court to take the child from her custody immediately and award it to the libellant or some other person; and the complaint of the wife that she was allowed to keep the child only until the first day of the September term, 1917, of the superior court is without merit.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*