## HUTCHINS *v.* HUTCHINS.

The exceptions to the judgment of the court allowing temporary alimony and attorney's fees raise no other question than that as to whether the evidence authorized the granting of alimony and whether the amount awarded was excessive; and from the evidence in the case it is not made to appear that the court abused its discretion in allowing the defendant, the wife of the libellant, the amount of temporary alimony and attorney's fees which was actually awarded.

No. 630. MAY 15, 1918.

Temporary alimony, etc. Before Judge Bell. Fulton superior court. August 27, 1917.

*Hugh Howell,* for plaintiff in error. *W. R. Hammond,* contra.

BECK, P. J. J. C. Hutchins filed a libel for divorce against his wife, Ethel Hutchins. The latter filed her answer and cross-petition. In the cross-petition she prayed that she be granted a total divorce, that the custody of her infant daughter be awarded her, and that the plaintiff be required to pay her a stated sum as counsel fees and a further sum for the support of the child. An order was passed, requiring the service of the answer and cross-petition upon plaintiff. The defendant, Ethel Hutchins, subsequently filed an amendment, in which she made application for attorney's fees to enable her to prosecute a defense, and filed a further amendment asking for the allowance of temporary alimony for the support of the child. At the hearing of the application for attorney's fees and temporary alimony the court awarded a stated sum as attorney's fees and another sum as alimony. To this judgment the plaintiff excepted, the exception being stated as follows: The plaintiff excepts to the judgment "as excessive and not warranted by the evidence, and now excepts and assigns error thereon, and says the court erred in granting alimony and attorney's fees."

In the brief of counsel for plaintiff in error it is urged that no

rule nisi issued upon the amendment asking for temporary alimony, and that at the hearing counsel for plaintiff in error insisted that he was not ready to proceed with the hearing upon the petition for temporary alimony, as the rule nisi which had in fact issued only required him to show cause why attorney's fees should not be paid, and that the court was without authority at that time to allow temporary alimony. The question made in the brief of plaintiff in error is not made by the assignment of error. The exception to the judgment of the court raises merely the questions as to whether the evidence authorized the allowance of temporary alimony, and whether the amount allowed was excessive. We have examined the evidence, and it does not appear that there was any abuse of discretion in allowing the alimony awarded.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*