27751. GODWIN v. MITCHELL.

DECIDED SEPTEMBER 29, 1939.

*R. D. Smith, S. B. McCall,* for plaintiff in error.

*H. W. Nelson,* contra.

FELTON, J. Venie Godwin Mitchell brought an action in trover to recover from E. A. Godwin an automobile which she claimed by virtue of an alleged gift from the mother of E. A. Godwin. The action was against E. A. Godwin (who represented the estate of the alleged donor of the automobile as administrator thereof) individually. The record shows that possession of the automobile was surrendered to the plaintiff in error because of his contention that the alleged gift was void because it was not in writing. He contended that he claimed the car as the administrator, and not in his individual capacity, and that an action against him individually would not lie. During the trial of the case it was sought to show that a witness who was testifying for the defendant in error, and with whom she lived, had got most of the estate of the deceased mother, and that he was interested in getting still more of the estate for the defendant in error. The court refused to allow this testimony to be introduced.

1. A claimant to personal property is not estopped to claim it by reason of the fact that she delivered it to the representative of the deceased donor's estate because of his contention that the claimant did not acquire title because the alleged gift was not in writing.

2. Trover lies against an agent even though he does not purport to act for himself, but wholly for another. Code, § 4-409; Hurst v. Coley, 15 Fed. 645; *Miller* v. *Wilson,* 98 *Ga.* 567 (25 S. E. 578, 58 Am. St. R. 319); *McConnell* v. *Prince,* 12 *Ga. App.* 54 (76 S. E. 754). The fact that the defendant held possession of the property in his representative capacity would afford him no protection.

3. Claim is a cumulative remedy, and one claiming title to property advertised for sale by an administrator may file a claim with the ordinary, or sue in trover. Any other rule would destroy the doctrine of caveat emptor. *McLennan* v. *Graham,* 106 *Ga.* 211 (32 S. E. 118).

714

4. There was no error in ruling out the testimony introduced for the purpose of showing that B. E. Godwin, a material witness for the defendant in error, manipulated so that he had gotten nearly all of the property of his deceased mother, the alleged donor of the property claimed, and was now appearing as a witness against the plaintiff in error with a view of getting for the defendant in error, who lived with Mr. Godwin, another part of the estate, when it was admitted by the attorney for the plaintiff in error in open court that he did not contend that Mr. Godwin had been guilty of fraud. It was not error to overrule the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*