28085. KELLEY *v.* SHEEHAN.

DECIDED FEBRUARY 15, 1940.

*H. W. McLarty,* for plaintiff in error.
*Burress & Dillard, John R. Burress,* contra.

FELTON, J. C. J. Sheehan instituted trover proceedings against J. A. Kelley, alleging in substance that Kelley is in possession of certain assignments of accounts of the Georgia Egg & Poultry Company, given by the company to Sheehan on the dates set out in the petition, and being the accounts turned over to Kelley, president of the Georgia Egg & Poultry Company at the home of Sheehan; that the value of the property is $4813.01; that petitioner is the owner of the described assignments and claims title thereto; that defendant refuses to deliver the property to Sheehan or to pay him the profits thereof; that the yearly rental value of the property is $336.91. The petitioner then made an affidavit setting forth the assignments; that they are the property of the affiant and of the value of $4813.01; that the property is now in the possession, custody, and control of the defendant, and that the affiant has reason to believe that the property has been or will be eloigned or moved away; that he claims hire for the property and that he does verily and bona fide claim said property.

The defendant demurred generally to the petition and affidavit and said that no contractual relation existed between Kelley and Sheehan; that the petition did not show that Kelley had authority to bind the Georgia Egg & Poultry Company; and that if any action existed at all it was against the Georgia Egg & Poultry Company. The court overruled the demurrer and the defendant excepted.

1. The court did not err in overruling the general demurrer. It was set out by the plaintiff that the property was in the posses-

sion of the defendant who refused to deliver it to the plaintiff; that he believed the property had been or would be concealed and not be forthcoming to answer any judgment he might obtain; the value of the property and the hire claimed were stated; and he alleged that he verily and bona fide claimed the said property. These averments met the requirements of the Code in bail-trover actions. Code § 107-201.

2. We know of no requirement that there be a contractual relation between the plaintiff and the defendant before an action in trover can be maintained. It is sufficient that the defendant has converted to his own use the property of the plaintiff.

3. There is nothing on the face of the pleadings to show that there was any attempt on the part of Kelley to bind the Georgia Egg & Poultry Company. From the brief of counsel for the plaintiff in error we infer that he is contending that if Kelley was the agent of the company the action would have to be against the company. However, trover lies against an agent even though he does not purport to act for himself but wholly for another. *Godwin* v. *Mitchell,* 60 *Ga. App.* 713 (4 S. E. 2d, 678) ; Code, § 4-409 ; Hurst v. Coley, 15 Fed. 645 ; *Miller* v. *Wilson,* 98 *Ga.* 567 (25 S. E. 578, 58 Am. St. R. 319) ; *McConnell* v. *Prince,* 12 *Ga. App.* 54 (76 S. E. 754). It was not error to overrule the demurrer for any reason assigned.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*