29704. PHILLIPS *v.* DRAKE MOTOR COMPANY *et al.*

DECIDED DECEMBER 4, 1942.　REHEARING DENIED DECEMBER 17, 1942.

*Leon Hood,* for plaintiff. *Willis Smith,* for defendants.

GARDNER, J. (After stating the foregoing facts.)

1. The evidence undisputedly proves that at the time the suit was instituted Drake Motor Company was in actual possession of the automobile as agent for Motor Contract Company, the principal. The court erred in directing a verdict against Drake Motor Company on the ground that it was acting only as an agent for Motor Contract Company. If the conversion of the automobile was illegal as to the principal, it was likewise illegal as to its agent. Trover may be maintained against an agent. *Godwin* v. *Mitchell,* 60 *Ga. App.* 713 (3) (4 S. E. 2d, 678); *Kelley* v. *Sheehan,* 61 *Ga. App.* 714 (3) (7 S. E. 2d, 298), and cit. But since the evidence did not show a conversion of the property either as against the principal or the agent, as will be hereinafter discussed, the court did not err in directing the verdict against Drake Motor Company.

2. Under the facts of this case the court obtained jurisdiction of Motor Contract Company, since it appeared and answered without contesting the jurisdiction. The court had jurisdiction of the subject-matter. *Bryan* v. *Southwestern Railroad Co.,* 41 *Ga.* 71; *Southern Express Co.* v. *B. R. Electric Co.,* 126 *Ga.* 472 (55 S. E. 254); *Berry* v. *Watkins,* 158 *Ga.* 304 (123 S. E. 102); *Waters* v. *Waters,* 167 *Ga.* 389 (6) (145 S. E. 460); Code, § 81-503. This case is different from *Warren* v. *Rushing,* 144 *Ga.* 612 (87 S. E. 775), in that in the instant case the court, by answer of the defendant, obtained jurisdiction of Motor Contract Company and the res, or in lieu thereof a replevy bond. Moreover, the evidence showed that if the plaintiff was entitled to recover at all, he would have the right to recover against Drake Motor Company, the agent of Motor Contract Company, as well as the principal.

3. However, under the facts as revealed by the pleadings and the evidence, the plaintiff was not entitled to prevail. Where the evidence developed that a default had been occasioned by any of the stipulations under the contract, as we construe it, the balance of the purchase price automatically was accelerated and became due. The contract so provided. See *Tiedeman Mortgage & Fi-*

*nance Co.* v. *Carlson,* 41 *Ga. App.* 406 (152 S. E. 909). The undisputed evidence showed that no part of the June payment was made before June 17, 1940, and only a portion of the payment was made then. It is true that the plaintiff testified that an agent of the Drake Motor Company agreed to extend the balance of his payment for a specific time, but at the time this agreement was made the contract was already in default. If it be conceded that Drake Motor Company had the authority to make an extension for the Motor Contract Company, the evidence does not show any consideration for this extension, and in the absence of fraud it avails the plaintiff nothing. See *Tallant* v. *Scarratt,* 51 *Ga. App.* 577 (181 S. E. 141). The contract provided that the automobile in question was not to be used for hauling passengers. The plaintiff admitted that he was using it for that purpose. He sought to excuse himself on the ground that Drake Motor Company knew he was so using it. There was no evidence to show that in this respect knowledge to Drake Motor Company would estop Motor Contract Company, an innocent purchaser, for value, before maturity. So it would seem that at the time the defendants as principal and agent obtained possession of the automobile the balance had become due under the terms of the contract, regardless of the controversial question as to the cancellation of the insurance.

The facts of this case are different from those in *C. I. T. Corporation* v. *Carter,* 61 *Ga. App.* 479 (6 S. E. 2d, 409). In that case the court held in effect that if the plaintiff desired to rescind the contract it was bound, before or at the time of such rescission, to return the contract to the purchaser. The court said: "The evidence in this case was sufficient to warrant a finding by the jury that the defendant was claiming not only payment of the March installment, which the plaintiff was tendering to it, but also that it was seizing the car because the plaintiff did not procure instanter another policy of insurance on the car, although the plaintiff then had with it sufficient funds and credit to pay for the required insurance on the car." Such are not the facts or the only facts in the instant case. It was not the intention of the court in *C. I. T. Corporation* v. *Carter,* supra, to hold that a seller may not obtain possession of property after a default has been made and dispose of it in accordance with the provisions of the contract and apply the proceeds to the extinguishment of the debt. The effect of the

holding of the court in that case was that the evidence showed, under the particular facts of that case, that no default had occurred. The facts in the case at bar are more nearly similar to those in *Hargett* v. *Muscogee Bank*, 32 *Ga. App.* 701 (124 S. E. 541). Hence it is that the defendant's possession of the automobile under the evidence and under the terms of the contract, does not amount to a rescission but should be treated as a lawful possession for the purpose of making disposition of the automobile to extinguish the purchase price therefor in accordance with the terms of the contract.

From what has been said it follows that the court should have directed a verdict for both defendants, but we see no reason for directing that this be done, as it would not enure to the benefit of any one, or harm any one to adhere to the judgments which the court rendered.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*