ROWELL *v.* ROWELL.

CANDLER, Justice. On November 21, 1949, and upon the ground of cruel treatment, Mrs. Annie Crawford Rowell sued her husband, William A. Rowell, for divorce, alimony, custody of their minor son, and for certain injunctive relief. Answering the petition, the defendant denied the allegations of cruel treatment, and by cross-action recriminated her cruel treatment and alleged that her misconduct was the real cause of their separation. He prayed that the prayers of her petition be denied; that he be granted a total divorce; that custody of their minor child be awarded to him; that he be granted certain injunctive relief; and that such other and further relief be decreed him as the court, under the facts, might deem equitable and just. Subsequently, he amended his answer and cross-action by alleging that the plaintiff committed

adultery with a named man on April 15, 1951. By the amendment which was allowed, subject to demurrer, on November 9, 1951, he renewed his original prayers. The amendment was not demurred to; but during the trial and on June 4, 1952, the plaintiff orally moved to strike it from the pleadings upon the ground that it charged her with an act of adultery allegedly occurring after the date on which the parties finally separated and after the date on which the plaintiff's suit was instituted. The motion to strike the amendment was objected to on the ground that it set up a valid defense to the plaintiff's suit; and over the objection so made and urged thereto, the motion to strike the amendment was granted. From voluminous conflicting evidence, a jury found in favor of a total divorce between the parties, giving each the right to remarry. It awarded to the plaintiff, as permanent alimony, a described house and lot and specified household furniture. It also awarded $50 a month for the support of the minor son of the parties until his nineteenth birthday, payable monthly to his custodian. A decree was entered accordingly. In due time, the defendant filed a motion to set the verdict and judgment aside, on the ground, variously stated, that the court erred upon the trial in striking from the pleadings the defendant's amendment to his answer and cross-action; and upon the ground that the court erred, after allowing the introduction of testimony in support of the defendant's contention that the plaintiff was guilty of adultery, in charging that any evidence of adultery should and could be considered by the jury only as it related to the plaintiff's prayer for permanent alimony. The motion was not challenged as to form or as to any requirement of the Code. It was contested solely on the merits. After a hearing, the motion was overruled and the defendant excepted. *Held:*

1. Under our divorce and alimony act of 1946 (Ga. L. 1946, p. 90), where a verdict or judgment is rendered authorizing the grant of total divorce or of total divorce and permanent alimony, the verdict or judgment does not become final for a period of thirty days; and any person at interest, during such thirty-day period, may petition the court to modify or set aside the verdict or judgment, or both, setting forth good and sufficient cause as a ground therefor. Code (Ann. Supp.), § 30-101. See *Dugas* v. *Dugas,* 201 *Ga.* 190 (39 S. E. 2d, 658).

2. Pleadings are the written allegations of what is affirmed on the one side, or denied on the other, disclosing to the court, or to the jury trying the cause, the matter in dispute between the parties. 6 Words and Phrases, 5410; *Smith* v. *Jacksonville Oil Mill Co.,* 21 *Ga. App.* 679 (94 S. E. 900). "A defendant who makes his appearance in an action at law in a proper manner and in due time has a right to present his defenses in the manner authorized by law [Windsor v. McVeigh, 93 U. S. 274, 23 L. ed. 914], and the pronouncement of a judgment against him without allowing him the opportunity to answer may render the judgment void." 41 Am. Jur. 369, § 116. "When a petition for divorce shall be filed, the respondent may, in his or her plea and answer recriminate and ask a divorce in his or her favor; and if on the trial the jury shall believe that such party instead of the petitioner is entitled to a divorce, they may so find upon legal proof, so as to avoid the necessity

of a cross action." Code, § 30-106. To a libel for divorce on the ground of cruelty the defendant may in his or her answer recriminate the adultery of the plaintiff. *Johns* v. *Johns,* 29 *Ga.* 718; *Anderson* v. *Anderson,* 140 *Ga.* 802, 803 (79 S. E. 1124). And it is elementary that a party to litigation has a right to have his written pleadings before the court and the jury upon the trial of the cause. See, in this connection, *Stroup* v. *Sullivan,* 2 *Ga.* 275 (2).

3. "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." Code, § 81-1301. And in civil actions the defendant may by amendment or by answer in the nature of a plea puis darrein continuance, even after the cause is at issue, set up matter of defense which has arisen since the beginning of the action, or since the filing of his answer. *Horne* v. *Rodgers,* 103 *Ga.* 649 (2) (30 S. E. 562); *Cook* v. *Georgia Land Co.,* 120 *Ga.* 1068 (48 S. E. 378); *Malcom* v. *Fulton County,* 209 *Ga.* 392 (73 S. E. 2d, 173). See also *Slaughter* v. *Slaughter,* 190 *Ga.* 229 (2) (9 S. E. 2d, 70, 129 A.L.R. 156), and the authorities there cited. "Matters of defense happening after the commencement of the action and after answer filed may be brought in by supplemental answer. Thus . . a recriminatory charge of adultery committed by the plaintiff after the commencement of the [divorce] action is a valid defense and upon a proper application at any time before the final decree, if such application is made immediately after the discovery of the fact, the court should permit the defendant to put in a supplemental answer or file a plea in the nature of a plea puis darrein continuance at law for the purpose of setting up such matter as a new defense." 17 Am. Jur. 315, § 328.

4. Good and sufficient cause for setting aside a verdict and judgment granting a total divorce and awarding permanent alimony is shown where it appears from the record, as it does in this case, that the court, on the trial of the cause, struck an amendment to the defendant's answer and cross-action, in which he recriminated the adultery of the plaintiff, his wife, which allegedly occurred subsequently to the date on which they separated and subsequently to the date on which her suit was instituted; and this is true because the alleged act of adultery, though after the date of separation and suit, if proven, would be a good defense against the grant of either. *Johns* v. *Johns,* supra; *Williams* v. *Williams,* 114 *Ga.* 772 (40 S. E. 782); *Jennison* v. *Jennison,* 136 *Ga.* 202 (3a) (71 S. E. 244); *Long* v. *Long,* 147 *Ga.* 771 (95 S. E. 676).

5. Since the court erred in striking the amendment to the defendant's answer and cross-action, all that took place subsequently on the trial of the case was nugatory, and it is not necessary to pass upon any other question presented by the record. *Hendrix* v. *Academy of Music,* 73 *Ga.* 437; *Durrence* v. *Cowart,* 160 *Ga.* 671 (4) (129 S. E. 26); *Morris* v. *Hasty,* 169 *Ga.* 781 (151 S. E. 490); *Smith* v. *Smith,* 180 *Ga.* 736 (180 S. E. 601).

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18051. ARGUED JANUARY 15, 1953—DECIDED FEBRUARY 24, 1953.

*Leiter & Leiter,* for plaintiff in error.