## 42671.   TEPER v. WEISS.

Hall, Judge.  The plaintiff home improvement contractor appeals from a judgment for the defendant in a trover action brought for the following documents executed by the owners of real estate upon which the plaintiff had performed work, and delivered by the plaintiff to the agent of a finance corporation which had made a loan commitment to the plaintiff upon completion of the work: a contract for home improvements, promissory note, deed to secure debt, and certificate of completion of work.

1. The appellee files a motion to dismiss the appeal on the ground the transcript was not filed within thirty days of the filing of the notice of appeal as required by *Code Ann.* § 6-806 nor was any extension of time allowed by the trial judge within the thirty days.  The transcript was filed thirty-two days after the notice of appeal.  He cites for his authority the case of *Davis v. Davis*, 222 Ga. 579 (151 SE2d 123), which held that the appeal "must be dismissed because of the failure of the appellant to follow mandatory requirements of the Appellate Practice Act."  At the 1967 session of the General Assembly of Georgia, Section 13(d) of the Appellate Practice Act of 1965 was amended to read as follows: ". . . An appeal shall not be dismissed nor consideration thereof refused because of failure of the court reporter to file the transcript of evidence and proceedings within the time allowed by law or order of court, unless it affirmatively appears from the record that such failure was caused by the appellant." Ga. L. 1967, pp. 220, 222.  As we have previously held, such an amendment, being remedial in nature, is "retroactive as to pending cases in this court." *St. Paul Fire &c. Ins. Co. v. Postell*, 113 Ga. App. 862, 865 (149 SE2d 864); *Horton v. Western Contr. Corp.*, 113 Ga. App. 613 (149 SE2d 542).

Since nothing affirmatively appears from the record that the two-day delay was caused by the appellant, the motion to dismiss is denied.

2. The evidence authorized the inference that the parties intended a simultaneous delivery to the plaintiff of the sum the defendant was committed to loan and transfer to the company of the note and other papers held by the plaintiff, but that the papers were left in the hands of the defendant before the plaintiff received the loan.  The promissory note and ancillary

papers were subject to an action in trover. *Thompson v. Carter,* 6 Ga. App. 604, 607 (65 SE 599); cf. *Sims v. Nelson,* 31 Ga. App. 271, 272 (121 SE 863). Anno. 44 ALR2d 927, 931.

3. In defense the defendant contended that he was not liable for conversion because all his alleged acts were done in his capacity as an employee of a finance corporation. Trover lies against an agent even though he does not purport to act for himself but wholly for another. *Code* § 4-409; *Miller & Miller v. Watson,* 98 Ga. 567 (25 SE 578, 58 ASR 319); *McConnell v. Prince,* 12 Ga. App. 54 (76 SE 754); *Godwin v. Mitchell,* 60 Ga. App. 713 (4 SE2d 678); *Kelley v. Sheehan,* 61 Ga. App. 714 (7 SE2d 298).

4. There was proof that the company mailed a check to the plaintiff after this action was filed and the plaintiff received the check and had it certified. The amount of this check was less than the amount of the note sued for and there was no discussion or agreement between the parties that this amount was offered and accepted in satisfaction of obligations between them. "The defense of payment must be specially pled by the principal debtor or added by amendment, otherwise, evidence of payment is irrelevant to the issues." *Standard Accident Ins. Co. v. Ingalls Iron Works Co.,* 109 Ga. App. 574, 576 (136 SE2d 505). Furthermore, any defense which sets up matter which has arisen since the institution of the suit must be by special plea in the nature of a plea "puis darrein continuance." *Rowell v. Rowell,* 209 Ga. 572, 574 (3) (74 SE2d 833).

For the reasons stated above the trial court erred in rendering judgment for the defendant.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED MARCH 6, 1967—DECIDED APRIL 4, 1967— REHEARING DENIED APRIL 21, 1967—CERT. APPLIED FOR.

*Peek, Whaley & Blackburn, Glenville Haldi,* for appellant.

*Nall, Miller, Cadenhead & Dennis, Lynn A. Downey,* for appellee.