RUSHIN *v.* THARPE.

The owner of a promissory note of which another fraudulently ob- tains possession and which he converts to his own use by suing it to judgment and collecting the amount due thereon, may, in an action of trover, recover from the latter the value of the note, notwithstanding such suit and judgment and the collection thereof, and notwithstanding the plaintiff had knowledge of these facts before bringing suit.

March 26, 1892. Argued at the last term.

Trover. Promissory note. Judgment. Before R. M. WILLIS, judge *pro hac vice.* Marion superior court. April term, 1891.

Reported in the decision.

BUTT & LUMPKIN, W. B. BUTT and J. H. WORRILL, for plaintiff in error.

McMichael & Crawford, Peabody, Brannon & Hatcher and C. J. Thornton, *contra.*

Simmons, Justice.

This was an action of trover for a promissory note, in which the plaintiff elected to recover the value of the note. There was a verdict for the plaintiff, and the defendant excepts to the overruling of his motion for a new trial. Besides the general grounds that the verdict is contrary to law and the evidence, it is complained that the court erred in instructing the jury as follows: "If the note was the property of the plaintiff in this case, Mrs. Tharpe, and was put in his (defendants') possession for the purpose of keeping and to be returned to her, and after it was put in his possession for that purpose Mr. Rushin asserted title to it, claimed it as his own. that would have been a conversion in law. It would then have been necessary (unnecessary?) for the plaintiff in this case to have made a demand before bringing suit for the recovery of this note. Now understand: if the note belonged to Mrs. Tharpe as I have explained to you, and if she put it in Mr. Rushin's possession to be kept for her and to be returned to her, and if he received it for that purpose, and after having received it for that purpose he then, after that, claimed it as his own note and exercised ownership of it and denied that she had any right to it, that would have been a conversion, and whenever that occurred her right of action accrued, and she would have had a right to have sued for it."

It was contended that the evidence fails to establish three things which in an action of trover are essential to a recovery: (1) title in the plaintiff to the property sued for; (2) conversion or appropriation of the property by the defendant, and (3) value of the property. It is true the testimony is somewhat conflicting, but there is ample evidence to uphold the verdict. The note in question was payable to the defendant's wife, or bearer.

There was evidence that upon the death of his wife intestate and without debts, and without any other heir than himself, and before letters of administration had been applied for on her estate, he gave this note to the plaintiff, who was his wife's sister, handing it to her with the statement that it was his wife's wish that she (the plaintiff) should have it, and that he expected to carry out all her wishes. This he had a right to do, being entitled, under the circumstances stated, to take possession of the wife's effects as her heir, without administration. Code, §1761. The note being payable to the bearer, the mere delivery with the purpose of passing title was sufficient to effectuate its transfer. Code, §2775. She accepted the note, and retained it for some months and until the defendant returned and requested her to let him have it, saying he wanted to have the property appraised and needed the note, and would bring it back in a few days. He did not explain why he wanted to appraise it and the plaintiff did not know, and there was no appraisement of the wife's estate. The note was never returned to the plaintiff, but the defendant, having obtained letters of administration on his wife's estate, brought suit as such administrator, and recovered judgment against the maker for the amount of the note, which judgment he collected.

It sufficiently appears from this evidence that the title to the note was in the plaintiff, and that she was induced by the fraud of the defendant to part with possession for a temporary purpose and without any intention of yielding her rights of possession or ownership. And when the fraudulent purpose of the defendant was consummated by his suing upon the note as the property of his wife's estate, and afterwards collecting the proceeds, there was such a conversion of the note as would entitle the plaintiff to maintain this action. Any dis-

tinct act of dominion wrongfully asserted over one's property in denial of his right or inconsistent with it, is a conversion. It is unnecessary to show that the defendant applied it to his own use; if he exercises a dominion over it in exclusion or in defiance of the owner's right, or withholds it under a title inconsistent with that of the owner, it is in law a conversion, whether it be for his own or any other person's use. *Liptrot* v. *Holmes*, 1 *Kelly*, 381, 391 ; 4 Am. & Eng. Enc. of Law, tit. Conversion, pp. 108, 115. The testimony was conflicting as to whether a demand was made before the trover suit was brought or not; but in view of the facts stated, which show an actual conversion before this suit was instituted, no demand was necessary. Proof of demand and refusal, where required, is required only as evidence of a conversion ; and where as in this case a conversion has been shown by other evidence, such proof is not essential. Nor does it matter that at the outset the defendant's possession was permissive, if the plaintiff's consent was induced by fraud, and if the defendant appropriated the note contrary to the agreement or understanding under which consent was obtained. See authorities cited *supra*.

It was contended that at the time of making the demand and at the time of bringing this action, the note was not in the possession, custody or control of the defendant, but had been merged into a judgment. The plaintiff, however, was not seeking to recover the note itself, but had elected to accept a verdict for its value, as she had a right to do under the code, §§3563, 3564. Authorities were cited to show that if the note was paid or in any manner legally discharged, trover would not lie to recover the value of it, for it would have no value. This would be true if the note was of no value at the time of the conversion, and such is the effect of the authorities cited; but it is immaterial that the note was

of no value at the time of bringing the action, if it had
any value at the time of conversion. It is the conver-
sion, and the conversion of a thing of value, that gives
the right of action; and if the plaintiff is proceeding
for its value, it matters not what became of the article
itself. The action has been held maintainable where the
note, after conversion, has been lost, destroyed or dis-
charged, or has become barred by the statute of limi-
tations. 2 Daniel, Neg. Inst. §1468a. The case mainly
relied upon by counsel for the plaintiff in error was
that of Platt *v.* Potts, 53 Am. Dec. 412 (N. C.), where
it was held that trover would not lie for a note after
judgment had been rendered on it; but it will be seen
that the decision in that case was based upon the view
entertained by the court that there had been no conver-
sion prior to the judgment.

It was not contended in the present case that the value
of this note, as expressed in the verdict, was in excess
of its highest proved value between the time the de-
fendant received it from the plaintiff and sued upon it
and the time it passed into judgment. The verdict was
for the amount of that judgment at the date of its ren-
dition, interest from that date not being added.

For the reasons stated, we think there was no error
in the court's instruction as to what would constitute a
conversion, and that there was sufficient evidence to
sustain the recovery. There were other grounds of the
motion which it is needless to consider. One of these
was, that the court erred in charging the jury that the
plaintiff did not sue for the note itself but for its value.
The motion does not specify in what respect this was
error, and it appears from the record that the plaintiff
did elect to take a verdict for the value of the note.
Other grounds are, that the verdict is contrary to a
specified portion of the charge; that the charge, as a
whole, is erroneous, because it did not present to the

jury the law covering the issues made by the defendant; and that the court erred in not granting a nonsuit. We have repeatedly said that exceptions that the verdict is contrary to the charge, or special clauses of it, are superfluous, such objections being covered by the general ground that the verdict is contrary to law; and objections to the charge as a whole, without specifying in what the error consists, need not be considered. What has already been said in passing upon the evidence and the objections to its sufficiency, disposes of the grounds urged for a nonsuit. It follows that the court below did not err in overruling the motion for a new trial.     *Judgment affirmed.*