## MILLER & MILLER *v.* WILSON.

98  567
117  161
e117 485
—
98  567
e124 483

1. An agent who for and in behalf of his principal takes the property of another without the latter's consent is as to him guilty of a conversion, although being ignorant of the true owner's title the agent may have acted in perfect good faith; and such agent may be sued in trover for the property, even after his delivery of it to his principal.

2. Under the evidence disclosed by the record, it was error to grant a nonsuit.

June 12, 1896. By two Justices. Argued at the last term.

Appeal. Before Judge Fish. Stewart superior court. April term, 1895.

Miller & Miller, on June 23, 1894; sued M. M. Wilson in the county court, for a black mare mule named Mollie. They obtained judgment, and defendant appealed to the superior court. In that court a nonsuit was granted, and plaintiffs excepted.

B. S. Miller, one of plaintiffs, testified: They owned a plantation in Chattahoochee county about one and a half miles east of Cusseta, upon which in 1893 they employed W. D. Berry as their foreman or overseer. He lived there, and was their agent to run the farm. Witness had heard defendant testify in this case in the county court, that, some time during the month of November of that year, he

(defendant) went to see Berry at the request of the Richland Guano Company, to collect a debt which Berry owed that company; that Berry proposed to settle the debt by delivering to him for the company two mules; that they finally agreed on the price at which one of the mules should be taken, whereupon Berry delivered to defendant one of the mules for the company, and defendant carried away the mule and delivered it to the company as a payment on the debt agreed upon by him and Berry; that he was merely acting in this transaction as the attorney at law and agent for the company to collect the debt due it by Berry; that he was not sent to Berry's house specifically for the mule, but to collect the debt, and after he got there the trade was brought up and made without any knowledge, until it happened, that such would be done; that Berry offered the mule at an agreed price as a payment on the debt, and defendant, for the company, accepted it; and that he was authorized by the company to make such a settlement. Miller further testified, that the mule was the property of plaintiffs, belonged to them at that time and they had owned it ever since March, 1892. It was a black mare mule named Mollie. He had seen her a few days before she was carried away, and she was worth a minimum of $75. No demand had ever been made upon defendant for the mule before suit was brought against him. He had testified on the trial in the county court, that he was not in possession of the mule when the suit was brought, and never had possession of it any longer than it took him to carry it from where Berry delivered it to him to Richland and turn it over to the company; that he never claimed any interest in the mule or any right to its possession; that while he had it he thought Berry owned it and had a right to sell it; that he had no notice of plaintiffs' title till after he had delivered it to the company; and that since then he had never seen it nor had anything to do with it nor asserted any right of title or possession to it; and that:

after he had delivered it to the company and before the company had disposed of it, the officers of the company informed him that they had received a letter from B. S. Miller notifying the company that the mule was the property of plaintiffs.

*Miller, Wynn & Miller* and *E. T. Hickey*, for plaintiffs.
*J. B. Hudson*, for defendants.

SIMMONS, Chief Justice.

This was an action of trover for a mule. The facts are set out by the reporter. Under these facts we think the court erred in granting a nonsuit. The defendant was not relieved from liability by the fact that in receiving the mule from Berry he acted as the agent of the guano company, and without notice of the plaintiff's title, and under the belief that Berry owned the mule and had a right to sell it. Whoever meddles with another's property, whether as principal or agent, does so at his peril, and it makes no difference that in doing so he acts in good faith, nor, in the case of an agent, that he delivers the property to his principal before receiving notice of the claim of the owner. If an agent takes the property of another without his consent and delivers it to the principal, it is a conversion, and trover will lie for the recovery of the property or for damages as the plaintiff may elect. This is well settled. Mechem, Agency, §§571, 573 and 574 and citations; Cooley, Torts, *452; Ewell's Evans' Agency, *75; Stephen *v.* Elwall, 4 Maule & S. 259; Lee *v.* Mathews, 10 Ala. 682, s. c. 44 Am. Dec. 498. And see *Rushin* v. *Tharpe*, 88 *Ga.* 782. Where an actual conversion is shown, no demand is necessary, evidence of demand and refusal being required only as evidence of a conversion. *Rushin* v. *Tharpe, supra.*        *Judgment reversed.*