## WALLACE & WILLIAMS <em>v.</em> MALLARY BROTHERS & CO.

This was an action for the recovery of personal property, and while the evidence might have been sufficient to show a conversion by the defendants, it did not show with certainty that this conversion took place prior to the bringing of the suit. For this reason, it was error to direct a verdict in favor of the plaintiffs.

Submitted January 13,—Decided February 10, 1903.

Trover. Before Judge Bennet. Clinch superior court. June 19, 1902.

<em>S. C. Townsend,</em> for plaintiff in error. <em>E. P. Mallary,</em> contra.

COBB, J. This was an action brought for the recovery of personal property, and the court directed a verdict in favor of the plaintiffs. It is insisted here that this was erroneous, for the reason that there was no sufficient evidence of a conversion to authorize a recovery by the plaintiffs. There was no evidence that the defendants were in possession of the property at the time the suit was brought. It was therefore essential that the plaintiffs should prove a conversion prior to the bringing of the suit. It is contended by counsel for defendants in error that a conversion was proved by evidence of a refusal on the part of the defendants to deliver the property upon demand, and also by evidence showing that the defendants had sold the property as their own. A conversion may be proved by showing that a demand was made for the property and that delivery of the same was refused. <em>Rushin</em> v. <em>Tharpe,</em> 88 <em>Ga.</em> 779, 782; <em>Miller</em> v. <em>Wilson,</em> 98 <em>Ga.</em> 569. A conversion may also be proved by showing that the defendant sold the property and used the proceeds for his own benefit; and when this is shown, it is not necessary to prove a demand and refusal. <em>Branch</em> v. <em>Bank,</em> 75 <em>Ga.</em> 342. There was evidence from which a jury might find, not only that there had been a demand

upon the defendants by the plaintiffs and a refusal by them to deliver the property, but also a sale by the defendants of the property involved in the case.    The difficulty, however, is that it does not distinctly appear that either the demand and refusal or the sale took place prior to the bringing of the suit.    The witness who testifies to the demand and refusal qualifies his statement by saying that he will not say whether it was before or after the suit was brought.    The witness who testifies to the sale says that he does not remember the exact date, but that "it was some five or six months ago."    The case was tried during the April term, 1902, of Clinch superior court, the verdict being rendered on April 15. The suit was filed returnable to the October term, 1901, and six months prior to the trial would evidently not be at a time before the petition was filed.    As the burden was upon the plaintiffs, not only to show a conversion, but also to show that the conversion was prior to the bringing of the suit, the judgment must be reversed, because the evidence did not show the time when the conversion took place.    *Judgment reversed.    By five Justices.*