19709. ESTES *v.* POWELL *et al.*

STEPHENS, J. 1. Where there is leased to a tenant the farming lands, the buildings, the orchards, and the pasture privileges of a tract of land containing wooded and forested land, and the pasture lands are situated between the dwelling house of the tenant and the wooded and forested land, the wooded and forested land is excluded, and it does not appear that the tenant, by virtue of the lease contract, acquired any rights in and to the wooded and forested land. It therefore follows that the tenant's cattle, in leaving the tenant's pasture and going upon the wooded and forested land, left the tenant's enclosure and went upon the lands of another. A lessee from the owner of the wooded and forested land of the timber rights thereon, and who is entitled to such possession of this land as is necessary for the purpose of enjoying the timber rights, has such a property right in the wooded and forested land as authorizes him to take up and impound cattle trespassing thereon and doing damage thereon, in violation of the stock law, as provided in section 2033 of the Civil Code of 1910.

2. Whether the owner of land can legally impound cattle that wander thereon and commit damage, where the cattle break out of the enclosure of their owner by the negligence of the person impounding them in making an opening in the enclosure, the burden is upon the owner of the cattle, where the law requires him in stock law territory to restrain his cattle by fences, to show that the cattle escaped through an opening in the fence which this person had negligently caused to be made.

3. This being a suit by possessory warrant instituted by the owner of cattle to recover their possession from another person having them in possession, and, applying the ruling in paragraph 1 above, it appearing from the undisputed evidence that the plaintiff's cattle had trespassed upon the land of the defendants to their damage, and there being no evidence from which it could be inferred that the cattle escaped from the plaintiff's enclosure through any opening in the fence caused by negligence of the defendants, the judgment found for the plaintiff in the justice's court was without evidence to support it and was unauthorized. But see section 5379 of the Civil Code (1910), and *Bush* v. *Rawlins*, 80 *Ga.* 583 (2) (5 S. E. 761), to the effect that upon the hearing of a certiorari to a judgment upon an issue arising under a possessory warrant, it is discretionary with the judge of the superior court, even on conflicting evidence, to render a final judgment.

4. The judge of the superior court properly sustained the certiorari and properly entered final judgment for the defendants.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JULY 10, 1929.

184

*Poole & Fraser,* for plaintiff.　*J. P. Brooke,* for defendants.