## 27301. WILLIAMS v. ROBERTS.

Decided February 21, 1939.

*L. P. Strickland,* for plaintiff.

*O. Frank Brant, J. W. Overstreet,* for defendant.

GUERRY, J. 1. Although "an agent who for and in behalf of his principal takes the property of another without the latter's consent is as to him guilty of a conversion, although being ignorant of the true owner's title the agent may have acted in perfect good faith; and such agent may be sued in trover for the property, even after his delivery of it to his principal" *(Miller* v. *Wilson,* 98 *Ga.* 567; *Coley* v. *Dortch & Co.,* 139 *Ga.* 239; *Alexander* v. *Coyne,* 143 *Ga.* 696; *McConnell* v. *Prince,* 12 *Ga. App.* 54; *Sappington* v. *Rimes,* 21 *Ga. App.* 810; *Broadway Apartment Co.* v. *Barnett,* 30 *Ga. App.* 562; *Bush* v. *Ogletree,* 38 *Ga. App.* 55; *Briscoe* v. *Poole,* 50 *Ga. App.* 147), it does not follow that one who is hired, by the person who has fraudulently gotten possession of the property, to transport the same, and who is ignorant of the fact that the property is stolen property, becomes, by such act of hiring for transportation alone, such an agent of the wrongdoer as will bring him within the provisions above stated.

2. "The action of trover being founded on a conjunct right of property and possession, any act of the defendant which negatives, or is inconsistent with, such right, amounts in law to a conversion." *Liptrot* v. *Holmes,* 1 *Ga.* 381. A common carrier, or any person who transports such stolen property in ignorance of such fact, does not necessarily claim any title or exercise any dominion thereof for the benefit of the hirer inconsistent with the true owner's right. Such action is not the meddling with the property of another as is meant in *Miller* v. *Wilson,* supra.

3. The charge taken in its entirety is not subject to the criticisms offered, and the evidence supports the verdict for the defendant.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*