### 30480. HALL v. BROWNING.

DECIDED MAY 6, 1944. REHEARING DENIED MAY 27, 1944.

*William B. Kent, W. A. Dampier, M. H. Blackshear,* for plaintiff.
*R. L. Stephens, Lester F. Watson,* for defendant.

FELTON, J. J. M. Hall Sr. instituted an action in trover against U. L. Browning to recover one white-faced bull-yearling about 12 months old, and several cows which it is not necessary to describe. The defendant admitted having possession of the yearling, but answered that he had impounded the animal, and had given notice of the fact to the plaintiff within 24 hours after he took him up. He denied having possession of the cows. After evidence was introduced by both sides, the court on motion of the defendant ordered a nonsuit. The plaintiff excepted.

■ The motion to dismiss the writ of error on the ground that there is no assignment of error on the award of a nonsuit is without merit, and is denied.

■ The court erred in awarding a nonsuit. There was no evidence that the defendant had ever been in possession of any of the

animals sued for except the bull-yearling. The evidence was in conflict on the question whether the animal was legally impounded. The agent of the defendant testified that the defendant sent a message by him to the plaintiff that the yearling was impounded; that he had done one dollar damages and that the plaintiff could not come for him but must send someone. The defendant denied this. His agent testified that he told the plaintiff he would bring the animal to him. The plaintiff testified that the defendant's agent told him that he would bring the animal to him if he would pay him the one dollar damages. There was a question for the jury as to whether the defendant refused to permit the plaintiff to go in person and identify and claim the animal, and whether the defendant's agent refused to exhibit him to the plaintiff for identification except upon the prior payment of the damages. If the jury finds against the defendant on these questions the impounding was illegal, and the plaintiff would be entitled to recover a judgment for the conversion of the animal. There are other questions in the case which are not clearly solved by the evidence. It is not clear whether the animal was identified by the relatives of the plaintiff, and notice given to the defendant. If such was the case it does not appear whether at the time the action was filed the defendant had waited more than a reasonable time to institute proceedings before a justice of the peace as provided by the Code, § 62-603. It seems that a refusal by the owner to pay the damages is such a dispute as requires the procedure set forth in the Code section above cited within a reasonable time after dispute or failure to pay damages, where the owner of the animal is known to the person taking it up. It would seem that estraying is confined to cases where the owner of the animals is not known. Although the evidence indicates that the animal was estrayed after being held about a year, it is not clear how it was sold or under what procedure. If the jury finds that the impounding was legal, and that at the time the suit was filed the defendant had not held the animal beyond a reasonable time before instituting the required proceedings, the plaintiff could not prevail because there would have been no conversion at the time of the filing of the trover action. *Wallace* v. *Mallory*, 117 *Ga.* 161 (43 S. E. 424). See generally on the questions involved, *Hall* v. *Simmons*, 54 *Ga. App.* 568 (188 S. E. 597); *Mann* v.

196

*Massey,* 43 *Ga. App.* 201 (158 S. E. 341) ; *Estes* v. *Powell,* 40 *Ga. App.* 183 (149 S. E. 97). The court erred in directing a nonsuit. *Judgment reversed. Sutton, P. J., and Parker, J., concur.*