40975. LOVINGER v. HIX GREEN BUICK COMPANY.

DECIDED NOVEMBER 24, 1964.

*Phillip Slotin,* for plaintiff in error.
*Aynes & Ricci, D. Gerald Ricci,* contra.

JORDAN, Judge. This was an action in trover brought to recover damages for the defendant's alleged conversion of an automobile owned by the plaintiff motor company. The evidence disclosed than on July 3, 1959, a new Buick LeSabre Sedan valued at $2,959.34 was stolen from the plaintiff's place of business and that on July 6, 1959, the defendant acquired the automobile, allegedly by purchase from a third party. The theft had been promptly reported to the police, and on March 24, 1961, the automobile was discovered in the defendant's possession and impounded by the police. This action was subsequently instituted and the plaintiff received a verdict in the amount of $1,465.98. The exception is to the denial of the defendant's motion for new trial on the general and two special grounds.

Special ground 1 assigns error on the following excerpt from the charge of the court: "I charge you, gentlemen, that the only question that I submit to you for your consideration is the amount of damages that you will award the plaintiff in this case." It is contended that this charge, the effect of which was to withdraw all issues of liability from the jury, was erroneous since under the pleadings and evidence an issue of fact was presented for the jury's determination as to whether the defendant had acquired the plaintiff's automobile in good faith

or whether he had "wilfully and tortiously converted the vehicle to his own use knowing that the same was stolen," as alleged in the plaintiff's petition.

This ground is without merit. The gist of this action was the defendant's conversion of the plaintiff's automobile, and to establish that, it was not necessary to allege and prove that the defendant had acquired possession of the automobile in bad faith.

"Any distinct act of dominion wrongfully asserted over one's property in denial of his right or inconsistent with it, is a conversion." *Rushin v. Tharpe,* 88 Ga. 779, 782 (15 SE 830). "The action of trover being founded on a conjunct right of property and possession, any act of the defendant, which *negatives, or is inconsistent* with such right, amounts in law to a conversion." *Liptrot v. Holmes,* 1 Ga. 381, 391.

It is immaterial that such dominion was exercised in good faith, for "Whoever meddles with another's property, whether as principal or agent, does so at his peril, and it makes no difference that in doing so he acts in good faith. . ." *Miller & Miller v. Wilson,* 98 Ga. 567, 569 (25 SE 578, 58 ASR 319). It is thus established that "The fact that possession of stolen property, unlawful as against the true owner, may have been acquired in good faith will not prevent such possession from operating as a conversion against the true owner." *Sappington v. Rimes,* 21 Ga. App. 810 (1) (95 SE 316); *Wyatt v. Singley,* 103 Ga. App. 182 (118 SE2d 841).

The evidence in this case demanded the finding that the defendant in acquiring possession of the plaintiff's automobile after it had been stolen committed an act of dominion over the vehicle inconsistent with the right of the true owner, and the defendant's possession of the automobile constituted a conversion of the vehicle as against the plaintiff notwithstanding the issue of the defendant's good faith. *Miller & Miller v. Wilson,* 98 Ga. 567, supra. In the *Miller* case, the Supreme Court held that where one Berry, representing certain property to be his own with the right to dispose of it by sale, gave the same to the defendant in satisfaction of a debt owed by Berry to the defendant's principal, the defendant in taking possession of the property without the true owner's consent was guilty of a conversion as to the

true owner, although the defendant being ignorant of the true owner's title may have acted in perfect good faith; and the defendant could be sued in trover for the property even after his delivery of it to his principal.

The allegation of the petition of the plaintiff motor company that the defendant had acquired possession of the property with knowledge that it was stolen was therefore unnecessary in order to state a cause of action in trover for conversion, and it was immaterial that under the evidence here the defendant may have acquired the vehicle in good faith. "Where a party alleges more than is necessary to entitle him to recover, his case does not fail if he proves a sufficiency of the averments to show the defendants liable, although he does not prove every relevant fact alleged." *Orr v. Dawson Telephone Co.*, 35 Ga. App. 560 (133 SE 924). "It was not necessary in order to recover that the plaintiff should establish the allegations as to the unfitness of the defendant's agent and the *scienter* of the defendant, these matters not being the gist of the action." *Christian v. Columbus &c. R. Co.*, 90 Ga. 124 (5) (15 SE 701); *Cunningham v. Avakian*, 192 Ga. 391 (1), 395 (15 SE2d 493).

■ It was not error as contended in special ground 2 for the court to fail to charge the jury: "That in every action of trover and conversion there must be a demand by the plaintiff for return of said goods and there must be a refusal by the defendant to return said goods and said refusal constitutes conversion as defined by the laws of the State of Georgia. There can be no tortious conversion unless such a demand is given and unless defendant wilfully, with knowledge that said merchandise belongs to the plaintiff, refuses and fails to surrender said merchandise."

Where, as here, an actual conversion is shown, no demand is necessary, *Miller & Miller v. Wilson*, 98 Ga. 567, 569, supra; for "Proof of demand and refusal, where required, is required only as evidence of a conversion; and where as in this case a conversion has been shown by other evidence, such proof is not essential." *Rushin v. Tharpe*, 88 Ga. 779, 782, supra.

Demand and refusal is necessary only when the defendant comes into possession of the property lawfully. "What is meant

by defendant coming *lawfully* into possession of the property is, where he finds it, and retains it for the true owner: or where he obtains the possession of the property, by the *permission or consent of* the plaintiff, as where the relation of bailor and bailee exists. In this latter class of cases, a demand and refusal would be necessary, unless it could be shown the defendant had appropriated the article so found to his own use, or had disposed of the property bailed, contrary to the terms and stipulations of the contract of bailment." *Liptrot v. Holmes,* 1 Ga. 381, 391, supra.

■ The defendant in this case did not present any evidence in his behalf, and his contention that the plaintiff's evidence demanded a verdict for the defendant is without merit. The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*