A07A2002. WILLIAMS v. NATIONAL AUTO SALES, INC. et al.
(651 SE2d 194)

BLACKBURN, Presiding Judge.

In this civil lawsuit, Lakisha Williams appeals the trial court's grant of summary judgment to National Auto Sales, Inc. and its employee (Boyd Petersen) on Williams's claims for conversion, intentional infliction of emotional distress, and punitive damages. These claims (as well as breach of contract and UCC violation claims, on which summary judgment was denied) arise out of National's repossession of Williams's vehicle when she was one day late on a payment, following which National sold the vehicle to a third party. Finding that Williams's failure to demand that National return her car was fatal to her conversion action, and that Petersen's and National's

conduct was not sufficiently outrageous to sustain an emotional distress claim, the trial court entered summary judgment on these claims as well as on the derivative claim for punitive damages. We hold that because evidence showed that National had wrongfully repossessed and then sold the car, no demand from Williams was necessary. Accordingly, we reverse the grant of summary judgment on the conversion and punitive damages claims. However, because Williams does not challenge the court's finding regarding lack of outrageousness, we affirm the grant of summary judgment on the emotional distress claim.

Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the evidence shows that in June 2005, Williams purchased a vehicle from National and received seller financing, which required her to make a payment twice a month to National. Over the next several months, National accepted Williams's payments without protest, even though these payments were consistently late by a few days if not longer. When Williams called National and spoke to Petersen on October 27 to demand that National repair her car, a verbal altercation ensued. On November 1, National repossessed the car on the sole ground that the October 31 payment had not been received in National's offices by October 31. National then sold the vehicle at a private sale and importuned Williams to pay the deficiency balance.

Williams sued National and Petersen for damages, asserting five counts: conversion, UCC violations, intentional infliction of emotional distress, punitive damages, and breach of contract. National and Petersen counterclaimed for the deficiency balance. Following discovery, National and Petersen moved for summary judgment on all of Williams's claims. The trial court (i) granted defendants summary judgment on the conversion claim on the ground that Williams had not demanded that National return her vehicle; (ii) granted defendants summary judgment on the emotional distress claim on the ground that the specified conduct was not sufficiently outrageous; (iii) granted defendants summary judgment on the punitive damages claim on the ground that it was derivative of the two dismissed tort claims; and (iv) denied summary judgment on the breach of contract

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

and UCC violation claims on the ground that National's acceptance of the repeated late payments may have created a quasi new contract. Williams appeals.

1. Williams first contends that the trial court erred in holding that as an essential element of her conversion action, Williams was required to show that she demanded that National return her vehicle. We agree and reverse.

As stated in *Corbin v. Regions Bank*,[2]

> [c]onversion consists of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation.

(Punctuation omitted.) Thus, "[a]ny distinct act of dominion and control wrongfully asserted over another's personal property, in denial of his right or inconsistent with his right, is a conversion of such property." *Taylor v. Powertel, Inc.*[3] See *Multimedia Technologies v. Wilding*.[4]

There are at least two avenues available to prove conversion. First, evidence that a defendant, who has lawfully come into possession of the plaintiff's property, unlawfully refuses to return the plaintiff's property after the plaintiff demands its return, is one way to show that the defendant has exercised unauthorized dominion over the property and has thereby converted the property. See *Liptrot v. Holmes*.[5] The requirement that the plaintiff show a demand and refusal, however, is restricted to this avenue of proof.

> Demand and refusal is necessary only when the defendant comes into possession of the property lawfully. What is meant by defendant coming *lawfully* into possession of the property is, where he finds it, and retains it for the true owner[,] or where he obtains the possession of the property, by the *permission or consent of* the plaintiff. . . .

(Punctuation omitted; emphasis in original.) *Lovinger v. Hix Green Buick Co.*[6] See *Rushin v. Tharpe*.[7] Here, of course, Williams claims

[2] *Corbin v. Regions Bank*, 258 Ga. App. 490, 495 (2) (574 SE2d 616) (2002).
[3] *Taylor v. Powertel, Inc.*, 250 Ga. App. 356, 358 (2) (551 SE2d 765) (2001).
[4] *Multimedia Technologies v. Wilding*, 262 Ga. App. 576, 578 (2) (a) (586 SE2d 74) (2003).
[5] *Liptrot v. Holmes*, 1 Ga. 381, 391-392 (1846).
[6] *Lovinger v. Hix Green Buick Co.*, 110 Ga. App. 698, 700-701 (2) (140 SE2d 83) (1964).
[7] *Rushin v. Tharpe*, 88 Ga. 779, 781-782 (15 SE 830) (1892).

that National repossessed the vehicle unlawfully, in that her late payments satisfied the terms of the quasi new agreement that was created when National repeatedly accepted Williams's late payments. See OCGA § 13-4-4. Therefore, this avenue of proof does not apply here.

The second avenue to prove conversion does not require a showing of a demand and refusal; it requires only that the defendant, who comes into possession of the property unlawfully, disposes of the property without authority and retains the proceeds. See *Wallace & Williams v. Mallary Bros. & Co.*[8] ("[a] conversion may also be proved by showing that the defendant sold the property and used the proceeds for his own benefit; and when this is shown, it is not necessary to prove a demand and refusal"). See also *Corbin*, supra, 258 Ga. App. at 496 (2) ("because Regions sold the truck and retained the proceeds, Corbin was not required to demand the truck's return to show that Regions exercised a right of ownership over it"). Indeed, beyond the fact that an unauthorized sale of the property is itself an unlawful exercise of dominion over the property, selling the property puts it out of the defendant's power to return the property, rendering a demand a futile gesture. See *Groover v. Savannah Bank & Trust Co.*[9] See also *Seaboard Air-Line R. Co. v. Roberds*[10] (an illegal sale constitutes a conversion and requires no showing of a demand by plaintiff).

Here, evidence showed that National and Petersen repossessed Williams's vehicle and then sold it, retaining the benefits of the sale. Thus, to the extent this repossession and sale were done without authority, National and Petersen may be held liable for conversion, with or without a demand from Williams. Some evidence did indeed show that this repossession and sale were unauthorized. As held by the trial court, by repeatedly accepting late payments from Williams, National may have willingly departed from the terms of the agreement and may therefore have been precluded from enforcing the strict letter of the agreement without first giving reasonable notice to Williams of its intent to do so. See OCGA § 13-4-4; *Smith v. Gen. Finance Corp. of Ga.*[11] ("evidence of the buyer's repeated, late, irregular payments, which are accepted by the seller, does create a factual dispute as to whether a quasi new agreement was created under [OCGA § 13-4-4]"); *Wright Carriage Co. v. Business Dev. Corp. of Ga.*[12]

[8] *Wallace & Williams v. Mallary Bros. & Co.*, 117 Ga. 161 (43 SE 424) (1903).

[9] *Groover v. Savannah Bank & Trust Co.*, 186 Ga. 476, 484 (4) (198 SE 217) (1938).

[10] *Seaboard Air-Line R. Co. v. Roberds*, 43 Ga. App. 558 (159 SE 742) (1931).

[11] *Smith v. Gen. Finance Corp. of Ga.*, 243 Ga. 500, 501 (255 SE2d 14) (1979).

[12] *Wright Carriage Co. v. Business Dev. Corp. of Ga.*, 221 Ga. App. 49, 52 (1) (471 SE2d 218) (1996).

Moreover, we note that the contract has no "time of the essence" provision and indeed provides for a late fee to be charged if a payment is more than ten days late. Because some evidence shows that the day-late October 31 payment was the only basis for the repossession on November 1, there is evidence on which a jury could find that National's failure to give Williams reasonable notice of its intent to strictly enforce the payment provisions rendered the repossession and subsequent sale unlawful. Accordingly, even without a demand from Williams, the above authorities would hold that these facts could give rise to a cause of action for conversion. The trial court erred in entering summary judgment against Williams on this claim.

National and Petersen argue as an alternative that the trial court was correct in any case in that Williams never submitted into evidence her title to the vehicle so as to show she owned it. However, National and Petersen did not seek summary judgment on this basis below and therefore have waived this matter for this appeal. *Pfeiffer v. Ga. Dept. of Transp.*[13] Cf. *Norris v. Emanuel County*[14] ("a trial court should not grant a motion for summary judgment on an issue that has not been raised, as such ruling deprives the nonmovant of a full and fair opportunity to present evidence on that issue"). Moreover, assuming this issue had been raised, Williams's own testimony as well as that of National's affiants (plus the sales contract) established without dispute that Williams had purchased the vehicle from National and owned the vehicle at the time of the repossession and sale. Title certificates are by no means the exclusive method for establishing vehicle ownership, but rather are in addition to oral testimony or other evidence as to ownership. See *West v. Village Ford-Mercury*;[15] *Dollar v. State*.[16]

2. Because the trial court incorrectly granted summary judgment on the conversion claim, its ruling entering summary judgment on the punitive damages claim as a derivative claim was also in error. Cf. *Stinchcomb v. Wright*[17] ("Punitive damages may be awarded upon a finding of conversion. . . .").

3. Although Williams claims in her enumerations that the trial court erred in granting summary judgment on her claim for intentional infliction of emotional distress, nowhere in her appellate brief does she challenge the court's dispositive finding that the conduct of National and Petersen was insufficiently outrageous to qualify as an element of such a claim. See Court of Appeals Rule 25 (c) (2) ("[a]ny

---

[13] *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002).

[14] *Norris v. Emanuel County*, 254 Ga. App. 114, 117 (2) (561 SE2d 240) (2002).

[15] *West v. Village Ford-Mercury*, 256 Ga. App. 18, 20 (567 SE2d 355) (2002).

[16] *Dollar v. State*, 149 Ga. App. 97, 98 (1) (253 SE2d 461) (1979).

[17] *Stinchcomb v. Wright*, 278 Ga. App. 136, 140 (2) (a) (628 SE2d 211) (2006).

enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned"). Because such is an essential element to an emotional distress claim (see *United Parcel Svc. v. Moore*[18]), we discern no error in the entry of summary judgment on this claim.

Accordingly, we affirm that portion of the court's order granting summary judgment on the emotional distress claim (and on the punitive damages claim associated therewith), but reverse that portion of the court's order granting summary judgment on the conversion claim (and on the punitive damages claim associated therewith).

*Judgment affirmed in part and reversed in part. Ruffin and Bernes, JJ., concur.*

DECIDED AUGUST 16, 2007.

*Carl L. Meyer*, for appellant.
*Busch & Reed, John D. Stuart*, for appellees.

---

[18] *United Parcel Svc. v. Moore*, 238 Ga. App. 376, 377-378 (519 SE2d 15) (1999).