**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
**physically received in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 9, 2014**

# In the Court of Appeals of Georgia

A14A0384. GREGG et al. v. FIRST CITIZENS BANK & TRUST
  COMPANY, INC.

ANDREWS, Presiding Judge.

On February 25, 2010, First Citizens Bank & Trust Company, Inc. issued a promissory note to Sarah and William J. Gregg for the purchase of a lot located at The Currahee Club in Stephens County. The note required 23 monthly payments followed by a balloon payment due on or before March 11, 2012. When the Greggs failed to make certain payments as required, First Citizens filed suit on September 8, 2011 to recover the amount owed. The Greggs admitted that they failed to pay amounts due after April 11, 2011 but claimed a good faith dispute existed concerning the total amount owed. Following discovery, First Citizens moved for summary judgment, which the trial court granted. The Greggs appeal, arguing that First

Citizens failed to satisfy its burden to prove the amount due under the note. Because the outcome of this case is controlled by our recent decision in the substantially similar case of *Myers v. First Citizens Bank & Trust Co.*, 324 Ga. App. 293 (750 SE2d 378) (2013), we affirm the grant of summary judgment as to liability, but vacate the judgment amount and remand this case for a calculation of damages.

As in *Myers*, First Citizens supported its motion for summary judgment in this case with an affidavit from a bank employee, who averred that she "ha[s] knowledge of the facts set forth in [the a]ffidavit." Although the author of the affidavit proffered by First Citizens in this case is different, the remainder of the affidavit appears to be the same. The affidavit stated the amounts due on the note, including single figures for both principal and interest, plus attorney fees, but did not explain how these amounts were calculated. Nor did First Citizens provide evidence concerning the amounts, if any, paid by the Greggs or a basis for the attorney fee or interest calculations. Indeed, the only exhibit attached to the affidavit was a copy of the Greggs' note.

As we noted in *Myers*, "where a party sues for damages, it has the burden of proof of showing the amount of loss in a manner in which the trial judge can calculate

2

the amount of the loss with a reasonable degree of certainty." 324 Ga. App. at 296.

Here, First Citizens

> offered no testimony or any documentation explaining its method of calculating the specific amounts sought, such as evidence of [the Greggs'] payment history or evidence showing how it calculated the interest or attorney fees sought. Where, as here, we cannot be certain of the amounts due under the terms of the agreement without reference to evidence outside the pleadings, the amounts are unliquidated and must be established. Because the pleadings do not contain evidence from which the trial court could confirm [First Citizens'] calculations of its purported damages, we must vacate and remand.

(Punctuation omitted). Id. Accordingly, based upon the discussion and legal analysis in *Myers*, we find that First Citizens failed to carry its burden to prove the amount due under the Greggs' note. It necessarily follows that the trial court erred when it entered a judgment amount in favor of First Citizens.

*Judgment affirmed in part, vacated in part, and case remanded. McFadden and Ray, JJ., concur.*