**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS
COURT. ALL FILINGS MUST BE SUBMITTED WITHIN
THE TIMES SET BY OUR COURT RULES.***

**March 22, 2021**

# In the Court of Appeals of Georgia

A21A0542. SAMDPERIL et al. v. WATSON.

MERCIER, Judge.

Seth Watson sued David Samdperil and Samdperil's company, Track Seven Events, LLC ("TSE"), (collectively, "Samdperil") for money allegedly owed on a promissory note. The trial court granted summary judgment to Watson, and Samdperil appeals. For reasons that follow, we affirm Samdperil's liability under the note, but vacate the judgment as to damages and remand the case for further proceedings.

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. See OCGA § 9-11-56 (c). We review the grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the non-moving party. See *Coleman v. Arrington Auto Sales & Rentals*, 294 Ga. App. 247 (669 SE2d 414) (2008).

So viewed, the record shows that Watson and Samdperil formed TSE in 2012, with each holding a 50 percent membership interest in the company. Watson subsequently decided to sell his interest, and on November 28, 2017, Samdperil purchased Watson's share of TSE for $288,000.[1] In connection with the sale, Samdperil delivered to Watson a promissory note for $230,400 (the sales price minus a $57,600 down payment) plus simple interest at the rate of 5.25 percent per annum. As stated in the note, Samdperil agreed to pay the sum owed over a four year period as follows:

> In equal annual principal installments in the amount of Fifty Seven Thousand Six Hundred Dollars ($57,600.00) each, plus the payment of accrued and unpaid interest on the unpaid balance of the Note, commencing on May 28, 2019, until May 28, 2022, at which time the final installment of principal, plus the payment of accrued and unpaid interest on the unpaid balance of the Note and any other sums that shall be due and payable hereunder shall be paid in one (1) final installment.

Samdperil paid Watson $57,600 on or about May 28, 2019. Shortly thereafter, Watson's attorney told Samdperil and his counsel that because the payment failed to include the required interest, it was deficient. In written correspondence dated May

---

[1] Although the purchase and sale agreement denotes TSE as the purchaser, the bill of sale states that Samdperil bought Watson's interest.

30, 2019, Watson, through counsel, informed Samdperil that the deficient payment resulted in an event of default under the promissory note, entitling Watson to accelerate the indebtedness. Watson thus demanded immediate payment of the principal balance plus interest, attorney fees, and costs.[2]

In communications with Watson's attorney, counsel for Samdperil indicated that Samdperil had made an "inadvertent error," was "cutting a new check for the correct amount," and would pay "the interest that was mistakenly not included in the earlier payment." On or about June 19, 2019, Samdperil paid Watson $20,000, an amount greater than the required interest payment, "in a showing of good faith." Samdperil made another $2,500 payment in August 2019.

Believing that he had properly accelerated the debt due under the promissory note, Watson deemed these additional payments insufficient to satisfy the outstanding balance, which exceeded $185,000. Watson filed suit on July 10, 2019, to recover the balance due under the accelerated promissory note and attorney fees. Following

---

[2] The note specified that a failure to pay sums due constituted an event of default. Upon such default, Watson had "the right and option to declare . . . the entire unpaid balance due . . . to be accelerated and become immediately due and payable, and . . . the right to institute any proceedings on the Note, to collect the entire unpaid balance then outstanding, together with the costs and expenses and actual attorney fees as provided for herein or by law."

discovery, the trial court granted summary judgment to Watson as to liability, finding that the promissory note unambiguously required an interest payment on May 28, 2019, and that Samdperil's failure to timely pay interest constituted a default. With respect to damages, the trial court asked Watson to submit a proposed order "setting out all sums currently due and owing." On June 16, 2020, the trial court entered the proposed order submitted by Watson, finding Samdperil liable under the note for $164,713.10 in principal, plus interest in the amount of $6,230.89 (accruing at a daily rate of $23.69 until paid in full) and $16,799.82 in attorney fees.

1. Samdperil contends that questions of fact remain as to whether his failure to pay accrued interest on May 28, 2019, constituted a default under the note. Specifically, he argues that the note's provisions regarding interest are ambiguous, raising a jury issue as to the parties' intent.

"The cardinal rule of contract construction is to ascertain the intention of the parties." *OTS v. Weinstock & Scavo*, 339 Ga. App. 511, 518 (4) (793 SE2d 672) (2016) (citation and punctuation omitted). When construing a contract, a trial court must first determine whether the contract terms are ambiguous. See id. An "[a]mbiguity exists where the words used in the contract leave the intent of the parties in question — i.e., that intent is uncertain, unclear, or is open to various

4

interpretations." *Coleman*, supra at 249 (2) (citation and punctuation omitted). No ambiguity arises if the contract "is capable of only one reasonable interpretation." Id. (citation and punctuation omitted).

Whether an ambiguity exists presents a question of law for the trial court, which must "examin[e] the contract as a whole and afford[] the words used therein their plain and ordinary meaning." Id. (citation and punctuation omitted). The court will enforce an unambiguous contract according to its plain terms. See *OTS*, supra. If an ambiguity exists, however, the court must attempt to resolve that ambiguity by applying the statutory rules of contract construction. See id. A jury question results only if the ambiguity cannot be resolved using those rules. See id.

After reviewing the promissory note, the trial court concluded that it unambiguously "contemplate[d] payment of principal and interest simultaneously throughout the life of the note." We agree. By its plain terms, the note required Samdperil to make four equal annual installment payments of principal in the amount of $57,600 *plus* accrued and unpaid interest on the unpaid balance of the note. These payments were to commence on May 28, 2019. Although Samdperil made a payment of $57,600 on that date, he did not include any amount for interest, breaching the terms of the note.

5

On appeal, Samdperil claims that the interest payment provisions are ambiguous because the note also provided for a final payment on May 28, 2022, when "the final installment of principal, plus the payment of accrued and unpaid interest on the unpaid balance of the Note and any other sums that shall be due and payable hereunder shall be paid in one (1) final installment." In his view, this clause allowed him to make a single interest payment (due May 28, 2022) over the life of the note. But Samdperil's strained interpretation ignores the clear terms of the promissory note when read as a whole. The note explicitly and unambiguously required four yearly installments of principal *plus interest*. Nothing authorized Samdperil to make one global interest payment on May 28, 2022. On the contrary, the provision he cites merely anticipated a *final* payment of principal and interest, as well as any other sums that might (for whatever reason) remain outstanding, by that date.

The promissory note unambiguously required Samdperil to make a payment of principal and interest on May 28, 2019. The trial court properly granted summary judgment to Watson on this issue. See *Coleman*, supra; see also *SAWS at Seven Hills v. Forestar Realty*, 342 Ga. App. 780, 784 (1) (805 SE2d 270) (2017) ("The construction of a contract is peculiarly well suited for disposition by summary

6

judgment because, in the absence of an ambiguity in terms, it is a question of law for the court." (citation and punctuation omitted)).

2. Alternatively, Samdperil argues that the trial court erred in failing to consider his mutual departure defense, through which he claims that Watson's decision to accept his additional payments in June and August 2019 constituted a mutual departure from the strict terms of the promissory note. The record shows, however, that Samdperil did not raise a mutual departure defense — or assert that questions of fact remained as to mutual departure — until he moved for reconsideration of the trial court's order granting Watson summary judgment on liability.

"Inherent in a motion for reconsideration is a request to the court to reconsider an issue previously raised and/or ruled on." *Esi, Inc. v. Westpoint Stevens*, 254 Ga. App. 332, 334 (5) (562 SE2d 198) (2002). Because Samdperil did not raise his mutual departure argument prior to the grant of summary judgment on liability, it was neither a proper basis for reconsideration nor preserved for appeal. See id. (argument raised for first time in motion for reconsideration following grant of summary judgment not preserved for appeal). This claim of error, therefore, provides no basis for reversal. See id.

3. In his answer to Watson's complaint, Samdperil alleged a counterclaim for breach of contract, asserting that Watson had breached the terms of the promissory note, as well as the covenants of good faith and fair dealing, by wrongfully accelerating the note and demanding an interest payment that was not yet due. He also alleged a derivative claim for attorney fees. The trial court dismissed these claims after determining that Watson properly accelerated the note following a default.

Samdperil challenges this ruling, arguing that because questions of fact remain as to his liability under the note, factual issues also exist regarding his counterclaims. As found in Division 1, however, the trial court properly found that Samdperil defaulted under the promissory note, which unambiguously required an interest payment on May 28, 2019. It follows that Samdperil cannot recover on his counterclaims.

4. Although Samdperil's arguments with respect to liability lack merit, we agree with him that the trial court must revisit the issue of damages. "[W]here a party sues for damages, it has the burden of proof of showing the amount of loss in a manner in which the trial judge can calculate the amount of the loss with a reasonable degree of certainty." *Gregg v. First Citizens Bank & Trust Co.*, 328 Ga. App. 87, 88 (761 SE2d 514) (2014). In this case, such proof includes the amount Samdperil has

8

paid on the note, as well as the basis for calculating any awards for interest and attorney fees. See id.

Samdperil asserts that shortly before the trial court entered its damages award, he made a $57,600 payment of principal that has not been factored into the judgment.[3] Moreover, Watson has not cited any record evidence supporting the calculation of attorney fees. Although the trial court's order states that it based its attorney fee award on an affidavit from Watson's counsel, we have not been able to find the affidavit in the record, and Watson has not pointed us to it. Accordingly, because it is not clear from the appellate record that the trial court properly calculated the sum owed under the note, we vacate the amount of the judgment and remand this case for a recalculation of damages. See *Gregg*, supra.

5. Finally, Watson has filed a motion for sanctions, asserting that Samdperil's appeal is frivolous. Given our decision to vacate the damages award, the appeal clearly is not frivolous. Watson's motion for sanctions is denied.

---

[3] Watson does not deny that he received this $57,600 payment. He asserts only that Samdperil failed to present sufficient evidence of the payment (such as through affidavit testimony). We are concerned that the judgment includes an amount already paid.

*Judgment affirmed in part and vacated in part, and case remanded. Dillard, P. J., and Colvin, J., concur.*